FILED
2021 Sep-30 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2

Declaration of Ivey E. Best

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WILLIAM C. MILES, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **4:19-CV-00756-CLM** |
| ) | |
| **WAL MART ASSOCIATES, INC.,** ) | |
| **WAL MART STORES EAST, LP,** ) | |
| ) | |
| **Defendants.** ) | |

_____

# DECLARATION OF IVEY E. BEST
_____

1.   My name is Ivey E. Best. I am of sound mind and have personal knowledge of the facts contained in this declaration. I swear, under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the following is true and accurate to the best of my knowledge.

### *Education and Experience*

2.   I graduated from Cumberland School of Law in May 2020 and was admitted to practice law in Alabama in October 2020.

3.   During law school, I ranked in the top 15% of my class and was chosen to be a member of the Cumberland Law Review. As a member of the Cumberland Law Review, I authored an article on pregnancy discrimination and obstetric violence which was chosen for publication.

4. I began working at Haynes & Haynes, P.C. as a law clerk in August 2018.

5. As a law clerk, I participated in many tasks performed by practicing attorneys. I attended hearings and trials, questioned witnesses in court, prepared discovery, drafted pleadings, issued subpoenas, and performed legal research.

6. After I received my law license in October 2020, I began working as an associate attorney at Haynes & Haynes.

7. As an attorney, I participated in trials, argued motions before the Court, conducted depositions, and drafted and filed motions.

8. I have approximately three (3) years total of legal experience representing Plaintiffs in employment discrimination matters and am well versed on all areas of relevant, Federal law, including Title VII, FMLA, FLSA, ADA, and ADEA.

9. In December 2020, I presented a Continuing Legal Education (CLE) course to labor and employment lawyers in the Birmingham area. I spoke on the attorney-client privilege and how to properly craft and critique privilege logs.

*Hourly Rates Sought*

10. I began working on the *Miles* case in August 2019 while the case was at the discovery stage. From August 2019 to October 2020, I spent 30.50 hours working on the matter. (Attached as **Exhibit 11**).

11. Most of my time was spent preparing and responding to written discovery, conducting legal research, drafting pleadings, motions, and responses to be filed in Court, communicating with the client, and researching trial witnesses. I also spent time preparing for trial by assisting with research for, and responses and objections to, Motions in Limine and trial witness and exhibit lists. I also participated in reviewing Mr. Miles' medical records and preparing those for production.

12. I believe that the time I spent working on the matter prior to my admission to the Alabama State Bar (August 2019 to October 2020) should be compensated at $100 per hour. This is a reasonable hourly rate for work performed by a paralegal or law clerk.

13. Judges in this circuit routinely award paralegals, legal assistants, and law clerks $100 per hour. *Jarvis v. TaylorChandler, LLC,* 2:17-CV-00396-ALB, 2021 WL 67204, at *4 (M.D. Ala. Jan. 7, 2021) (awarding paralegals $100 per hour based on the affidavit of the Director for the Alabama Association of Paralegals); *Anderson v. Surgery Ctr. of Cullman, Inc.*, 2:12-CV-00598-AKK, 2018 WL 8807149, at *10 (N.D. Ala. Aug. 27, 2018) (awarding $125 per hour for paralegals).

14. From November 2020 to September 2021, I expended 101.5 hours in the *Miles* case. (Attached as **Exhibit 7**).

15. During this time frame I handled supplemental written discovery responses and all aspects of trial preparation, including reviewing and responding to Motions in Limine, trial witness and exhibit lists, and preparing trial exhibits.

16. We prepared trial exhibits at least twice in this matter (once as "Plaintiff's Trial Exhibits" and once as "Joint Trial Exhibits") per this Court's instruction. I spent significant time reviewing trial exhibits, making proper redactions pursuant to the parties' agreements and Motions in Limine and ensuring that all of the Court's procedural requirements for exhibits were properly adhered to. I also frequently communicated with counsel for Walmart to ensure that both parties agreed to all exhibits and trial was able to run efficiently and smoothly. I delegated much of the clerical tasks of printing, scanning, and applying stickers to the firm's intern, Blakely Jones, (recorded in my time entries as BEJ) and have not sought compensation for these clerical tasks performed by Ms. Jones.

17. I also participated in trial, trial preparation and refining trial strategy. I conducted legal research on questions of law that arose during trial and examined and cross-examined witnesses on the stand.

18. I believe that $225 per hour is a reasonable hourly rate to compensate me for my time expended as an attorney (November 2020 to present) in this matter. I have over three years of experience representing Plaintiff's in employment discrimination matters.

19. Judges in this District have awarded attorneys with this level of experience similar hourly rates. *King v. CVS Health Corp.*, 1:12-CV-1715-KOB, 2017 WL 6336323, at *5 (N.D. Ala. Dec. 12, 2017) (awarding Leirin Ragan, a "relatively new attorney with less trial experience" $190 per hour); *Evans v. Books-A-Million*, 907 F. Supp. 2d 1284, 1305 (N.D. Ala. 2012), *amended*, CV-07-S-2172-S, 2012 WL 5954118 (N.D. Ala. Nov. 28, 2012), and *aff'd in part, vacated in part*, 762 F.3d 1288 (11th Cir. 2014) (awarding Karen Cleveland, a law school graduate working as a paralegal with one year of experience at Haynes & Haynes, $215 per hour).

### *Hours Expended*

20. Throughout my three (3) years of employment at Haynes & Haynes, I have reviewed my time entries bi-monthly to contemporaneously revise any mistakes, double-billing, block billing, or otherwise non-compensable time.

21. I have reviewed my time entries for the *Miles* matter prior to filing them with this Court (**Exhibits 7 and 11**) and removed two entries that I determined to be non-compensable firm overhead costs or clerical tasks.

In total, I seek $22,837.50 in attorney fee time (101.5 hours x $225) and $3,050 (30.5 hours x $100) in paralegal/law clerk time.

I have read the above and it is true and correct to the best of my knowledge.

_9/30/21_
Date

_[signature]_
Ivey E. Best