# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WILLIAM C. MILES, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00756-CLM |
| ) | |
| **WALMART ASSOCIATES,** ) | |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

Plaintiff William C. Miles, Sr. prevailed at trial. Miles now petitions for the award of attorney fees and costs, seeking attorney fees of $239,033.00 and litigation expenses in the amount of $9.851.33. (Doc. 85.) For the reasons stated within, the court will **GRANT in PART** and **DENY in PART** Miles' petition.

## BACKGROUND

Miles filed this action in federal court, asserting that Defendants Walmart Associates, Inc. and Wal-Mart Stores East, LP (collectively, "Walmart") terminated him because of his disability, in violation of the Americans with Disabilities Act ("ADA"). The jury entered a verdict for Miles and against Walmart, awarding Miles $6,552.00 as compensation for net loss of wages and benefits to the date of the verdict. This court entered a final judgment granting Miles $6,552.00. (Doc. 83.)

Then, Miles filed a petition, along with a brief and affidavits, seeking attorney fees and expenses. (*See* doc. 86.)

Walmart argues that Miles' proposed fees and expenses are excessive and unreasonable. (Doc. 90.) The court will first determine an appropriate award for attorney fees, then it will determine an appropriate award for litigation expenses. In making these determinations, the court will consider the petition and all related briefs and affidavits.

## LEGAL FRAMEWORK

In an ADA action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The United States Supreme Court set the "starting point for determining the amount of the attorney fee [as] the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 261 U.S. 424, 443–44 (1983). This amount is known as the lodestar amount. *Id.* Once a court has determined the lodestar, the court may adjust the lodestar based on the results the attorney(s) obtained. *See Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994).

**DISCUSSION**

Using this framework, the court will first calculate the appropriate lodestar. The court will then consider whether to adjust the lodestar based on Miles' level of success.

I.   **Calculating the Lodestar**

   **A. Reasonable Hours Billed**

To calculate the lodestar, the court must first determine the reasonable number of hours expended. Walmart contends that the court should reduce Miles' proposed number of hours because he cannot recover for time spent doing (1) clerical work, or (2) excessive, redundant, or otherwise unnecessary work. If a "district court finds the numbers of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board-cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

   **1. Clerical Work**

"A fee applicant is not entitled to compensation at an attorney's rate . . . [for] tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). Walmart seeks to subtract the hours Miles

3

billed for clerical tasks. (Doc. 90, pp. 12–13.) Walmart reviewed Miles' attorneys and paralegals' time records (docs. 86-6 through 86-16) and identified 46 hours that it claims attorneys or paralegals spent on clerical or administrative functions (*i.e.*, emailing the court reporter, calendaring deadlines, transmitting documents to the client or opposing counsel by email or mail, scanning, downloading, and saving documents, filing documents, bates labeling documents, redacting documents, communicating with the court regarding exhibit stickers, printing documents, labeling exhibits, organizing exhibits, communicating with the process server, communications regarding scheduling, preparing trial boxes, loading a vehicle, reserving hotel rooms, running trial technology, preparing checklists, paying the filing fee, preparing a conference room, calendaring of deadlines, entering notices of appearance, creating an electronic copy of trial exhibits, and saving witness contact information). (Doc. 90-1, pp. 6–14.)

Miles does not refute Walmart's proposed reduction for attorneys or paralegals other than for Ivey E. Best. So the court will reduce the other attorneys and paralegals' time as laid out in Walmart's Exhibit B (*id.*) and turns to Walmart's challenges to Best's time logs.[1]

---

[1] Ivey E. Best began working for Haynes & Haynes while she was still in law school. So she recorded some of her hours at a paralegal/law-clerk rate. After she graduated from law school and passed the bar exam, she recorded her hours at an associate-level attorney rate.

Miles argues that if Best logged attorney hours for time she spent doing clerical or administrative functions, then the court should consider them to be paralegal hours and award fees accordingly. This argument fails because "hours may not be charged to the opposing party if they are administrative or clerical functions, regardless of who performs them." *Hithon v. Tyson Foods, Inc.*, 151 F. Supp. 3d 1252, 1261 (N.D. Ala. 2015). Upon review, the court agrees with Walmart that some of Best's entries are for clerical and administrative work. But the court finds that some of the challenged entries could reasonably require an attorney's education or experience (*e.g.*, drafting letters to her client, redacting trial exhibits, editing the trial power point, organizing trial notebooks and checklists). Having reviewed Walmart's challenges to Best's entries, the court determines that it will deduct 8.8 hours of Best's logged time as a paralegal/law clerk and 8.1 hours (one-third of the challenged hours) of Best's logged time as an attorney.

## 2. Excessive, Redundant, or Unnecessary Hours

In calculating a reasonable fee, the court must exclude "excessive, redundant or otherwise unnecessary hours" from the fee calculation. *Norman*, 836 F.2d at 1303 (quotation omitted).

First, Walmart contends that the court should exclude hours that Miles' counsel devoted to unsuccessful claims. (Doc. 90, pp. 8–9.) As discussed below in

Part II.A, there are no unsuccessful claims in this case. Nor does Walmart identify any hours that Miles devoted to the allegedly unsuccessful claims.

Miles pleaded three counts in his complaint. (Doc. 1.) Miles prevailed on Count 1 at trial, and he voluntarily dismissed Counts II and III during the summary judgment stage without briefing those issues. So the court finds that it would not be proper to reduce fees or exclude hours for the time spent before summary judgment.

Next, Walmart asserts that the court should exclude time billed by Attorneys Kenneth Haynes and Best to perform the same tasks. (Doc. 90, pp. 13–14.) Walmart alleges that this reduction would be proper because Miles does not identify the "distinct contribution of each lawyer." *Johnson v. Univ. College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) (finding that separate work on the same matter can be warranted if the time entries show "the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation"). Miles counters that it is appropriate for a partner to assign initial work on certain tasks to an associate attorney and then to review the associate attorney's work product. (Doc. 93, pp. 8–9.) The court finds that Miles did identify each lawyer's distinct contribution because Haynes' entries specify that he revised or reviewed Best's work. So the court finds that the evidence does not show that Haynes and Best performed duplicative work and does not reduce the award for duplication.

Finally, Walmart asserts that the court should exclude 10.2 hours that Attorney Brian Noble spent getting "up to speed" on the case. (Doc. 90, pp. 14–15.) Walmart relies on a case decided in the Middle District of Florida to support its assertion—*Satterfield v. CFI Sales & Mktg.*, No. 6:09-cv-1827-Orl-28DAB, 2012 U.S. Dist. LEXIS 188315, * 22 (M.D. Fla. Dec. 18, 2012). But the facts here are distinguishable from the facts in *Satterfield* because the plaintiff in *Satterfield* engaged in controversial conduct, causing his counsel to withdraw from the case; the court found that the defendants should not bear the cost of the plaintiff's new counsel getting up to speed on the case and deducted 58.6 hours from the fee award.

In contrast, Miles worked with the same law firm (Haynes & Haynes) throughout his entire litigation. Haynes assigned Noble the task of responding to Walmart's motion for summary judgment. Miles contends that the objected-to entries reflect time Noble spent preparing a response to Walmart's motion for summary judgment. Walmart does not present evidence that another attorney read through all pleadings, orders, discovery documents, depositions, exhibits, and briefs in preparation to respond to a motion for summary judgment. Any attorney preparing a response to a motion for summary judgment would need to read and analyze these documents. So the court will not reduce Noble's hours.

### B. Reasonable Hourly Rates

Having established the reasonable number of hours expended, the court must now determine the reasonable hourly rates to calculate the lodestar. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). Miles must provide "either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." *See Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The court may also make an independent assessment to determine a reasonable hourly rate. *Norman*, 836 F.2d at 1303.

Miles asks the court to find the following hourly rates reasonable: Kenneth Haynes, $510; Charles Guerrier, $545; Gina Coggin, $375; Brian Noble, $400; Ivey Best (attorney time), $225; Ivey Best (paralegal time), $100; Mariah Welter, $125; Lauren Branham, $100; Murrell Wilkinson, $100; Sarah Stephens, $90; Shannon Napier, $90. Walmart only challenges two attorneys' hourly rates—Haynes ($510.00) and Noble ($400.00)—asserting that their rates exceed reasonable rates in the market for attorneys of similar experience. Because Walmart does not challenge the other attorneys and paralegals' fees, the court finds that Miles' proposed billing rates for the other attorneys and paralegals are proper. The court will now calculate

8

proper billing rates for Haynes and Noble.

Haynes: Miles proposed that the court award Haynes $510.00 per hour for his services. In his affidavit, Haynes states that the prevailing market rate in the Northern District of Alabama for plaintiff attorneys in similar cases ranges from $375.00 to $650.00 per hour based on the attorney's skill level. (Doc. 86-1 ¶ 5.) In 2017, Judge Bowdre reduced Haynes' proposed hourly rate to $420.00 per hour. *King v. CVS Health Corporation*, 1:12-cv -01715-KOB, 2017 WL 6336323, at *4–5 (N.D. Ala. Dec. 12, 2017). In 2018, Judge Kallon also reduced Haynes' proposed rate to $420.00 per hour, accepting the rate Judge Bowdre awarded Haynes the year before. *Anderson v. Surgery Ctr. of Cullman*, No. 2:12-CV-00598-AKK, 2018 WL 8807149, at *11 (N.D. Ala. Aug. 27, 2018), *aff'd*, 839 F. App'x. 364 (11th Cir. 2020). This court will adopt the rate that Judge Bowdre found reasonable for Haynes in *King*, apply a 2.5% rate of annual increase to adjust for the rate for inflation, and round up for ease of calculation. As shown Table 1, the court finds that $465.00 is a reasonable hourly billing rate for Haynes.

**Table 1: Reasonable Hourly Billing Rate - Haynes**

| YEAR | BASE RATE | 2.5% | APPLICABLE RATE |
|---|---|---|---|
| 2017 | $420.00 (approved by Judge Bowdre on 12/12/17) | N/A | $420.00 |
| 2018 | $420 | $10.50 | $430.50 |
| 2019 | $430.50 | $10.76 | $441.26 |
| 2020 | $441.26 | $11.03 | $452.29 |
| 2021 | $452.29 | $11.31 | **$463.60 (rounded up to $465.00)** |

Noble: Miles proposed that the court award Noble $400.00 per hour for his services. Noble has 11 years' experience practicing law. (Doc. 86-4 ¶ 3.) None of Miles' proffered declarations listed a market rate for an attorney with Noble's level of experience. So Walmart relied on Attorney Heather Leonard's affidavit to argue that the court should award Noble—as an associate attorney—$300.00 per hour. (Doc. 86-20 ¶ 5.) Miles asserts that Walmart's argument is flawed because Haynes & Haynes is a closely held plaintiff firm that does not follow the associate-to-partner track commonly used in larger defense firms. But other than the attorneys' affidavits, Miles does not provide any evidence to support the $400.00 hourly billing rate. So the court will use opinion evidence to makes its own determination.

In 2018, Judge Kallon awarded an attorney with over 10 years of litigation experience a reasonable billing rate of $315.00 per hour. *Anderson*, 2018 WL 8807149. The court will use the amount Judge Kallon awarded to an attorney with

similar experience, adjust that amount for inflation, and round up for ease of calculation. As shown in Table 2, the court finds that $340.00 is a reasonable hourly billing rate for Noble.

**Table 2: Reasonable Hourly Billing Rate - Noble**

| YEAR | BASE RATE | 2.5% | APPLICABLE RATE |
|---|---|---|---|
| 2018 | $315.00 (approved by Judge Kallon on 8/27/18) | N/A | $315.00 |
| 2019 | $315.00 | $7.88 | $322.88 |
| 2020 | $322.88 | $8.07 | $330.95 |
| 2021 | $330.95 | $8.27 | **$339.22 (rounded up to $340.00)** |

### C. Court-Approved Lodestar Calculations

Now that the court has determined the allowable expendable hours and the allowable billing rates, the court will determine the appropriate lodestar amount. As shown in Table 3, the court finds that the proper lodestar amount is $216,175.50.

**Table 3: Lodestar Calculations**

| Timekeeper | Submitted Time | Allowed Time | Submitted Hourly Rate | Allowed Hourly Rate | Lodestar |
|---|---|---|---|---|---|
| Kenneth Haynes | 336.4 | 336.2 | $510 | $465 | $156,333.00 |
| Charles Guerrier | 7.1 | 7.1 | $545 | $545 | $3,869.50 |
| Gina Coggin | 8.6 | 8.6 | $375 | $375 | $3,225.00 |
| Brian Noble | 66.7 | 66.7 | $400 | $340 | $22,678.00 |
| Ivey Best (attorney) | 101.5[2] | 93.4 | $225 | $225 | $21,015.00 |

---

[2] There is a discrepancy between Best's Reports of Attorney Time and Paralegal Time (docs. 86-7, 86-11) and the

| Ivey Best (paralegal) | 30.5 | 21.7 | $100 | $100 | $2,170.00 |
| --- | --- | --- | --- | --- | --- |
| Mariah Welter | 36.6 | 27.2 | $125 | $125 | $3,400.00 |
| Lauren Branham | 5.2 | 5 | $100 | $100 | $500.00 |
| Murrell Wilkinson | 7 | 6 | $100 | $100 | $600.00 |
| Sarah Stephens | 7.8 | 6 | $90 | $90 | $540.00 |
| Shannon Napier | 20.5 | 20.5 | $90 | $90 | $1845.00 |
| **TOTAL** | | | | | **$216,175.50** |

## II.   Adjustment to the Lodestar

"After determining the lodestar amount . . . the court is entitled to adjust the amount of final fees awarded in light of the results obtained through the litigation." *Duckworth*, 97 F.3d at 1399. The court may adjust the amount downward "if the prevailing party was [only] partially successful in its efforts." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993). But there is a "'strong presumption' that the lodestar is the reasonable sum the [prevailing] attorneys deserve." *Bivins*, 548 F.3d at 1350. Walmart argues that the court should adjust the lodestar downward because of Miles' limited success and because Miles' jury award does not justify such a large fee award. (Doc. 90 at 7–11.)

### A. Limited Success

---

Lodestar Summary (doc. 86-17). Because Best edited her Reports to remove non-recoverable hours, the court relies on Best's Reports—not on the Lodestar Summary—to determine the correct submitted time.

"A court should not award fees for time spent on unrelated, unsuccessful claims." *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 717 (11th Cir. 2002) (internal quotations and citations omitted). But if multiple claims "involve a common core of facts or [are] based on related legal theories, . . . [they should not] be viewed as a series of discrete claims . . ." *Hensley*, 461 U.S. at 435.

In his Complaint, Miles presented three counts, asserting that Walmart: (Count I) terminated him because of his disability; (Count II) used unlawful screening criteria; and (Count III) failed to accommodate his disability. (Doc. 1.) In his response to Walmart's motion for summary judgment, Miles voluntarily dismissed Counts II and III. (Docs. 27, 42, 43). Walmart erroneously stated that the lodestar should be reduced because Miles succeeded on only one of his three original claims. Miles contends that he only presented one claim—a claim that Walmart violated the ADA when it terminated his employment—and that the three counts represented multiple theories of liability under the same claim. (Doc. 93, pp. 1–3.) Even if the three theories of liability were construed as three separate claims, they "involve a common core of facts or [are] based on related legal theories." *Hensley*, 461 U.S. at 435. So the court does not view the three counts as discrete claims, and "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.*

### B. Jury Award

The public has an interest in vindicating civil rights, beyond "the value of a civil rights remedy to a particular plaintiff." *Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Because of the important public interest, "Congress did not intend for fees in civil rights cases . . . to depend on [the plaintiff] obtaining substantial monetary relief." *Id.* at 575.

Walmart contends that the court should reduce the lodestar by 33.3% because the jury only awarded Miles $6,552.00, even though he asked the jury to award him $155,484.00 ($77,742.00 in lost wages and $77,742.00 in emotional damages). (Doc. 90 at 11.) Miles' award is relevant in determining reasonable attorneys' fees, but the court considers Miles' award as one of several factors. *See id.* at 574. The court also considers that Miles' counsel expended substantial effort—and took substantial risk—to help Miles vindicate his rights. The court recognizes that Miles' counsel did not accept other clients because they agreed to represent Miles. So the court will not reduce the lodestar amount because Miles only recovered $6,552.00.

### III. Expenses

The court will now evaluate Miles' proposed litigation expenses. "All reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." 42

14

U.S.C. § 1988; *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir.1983). Miles is seeking reimbursement for $9,851.22 in litigation expenses.

Miles asks the court to find the following litigation expenses reasonable: Meals During Trial, $239.26; Mileage, $358.40; Hotel, $944.62; Mediation, $2,450.00; Legal Research, $941.42; Expert Witness Fee, $2,500.00; Medical Records, $406.00; Postage, $76.18; Office Supplies, $70.06; Photocopies, $1,865.38. Walmart challenges several of Miles' claimed litigation expenses, arguing that certain litigation expenses are excessive, unreasonable, or improperly claimed. The court will grant all unopposed litigation expenses. The court will address each challenged expense below.

### A. Meals During Trial

Meals for an out-of-town trial are reasonable litigation expenses and are recoverable. *Oden v. Vilsack*, 2013 WL 4046456, at *19, *20 (S.D. Ala. Aug. 9, 2013) (awarding expenses for lodging and meals); *Cromer-Tyler v. Teitel*, 2007 WL 2684878, at *6 (M.D. Ala. Sept. 11, 2007) (awarding expenses for attorney mileage and meals). Miles claimed $239.26 for meals consumed during trial. Walmart challenged one meal expense—a $96.30 fee for two attorneys to have lunch at Classic on Noble after trial ended. (Doc. 90, p. 20.) Miles withdrew this meal charge in reply. So the court will reduce the approved litigation expenses by $96.30.

### B. Expert Witness Fee

Expert witness fees are generally recoverable in ADA cases. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006). Miles claims $2,500.00 as an expert witness fee to pay Dr. Sparks. (Doc. 86-1, p. 15). Walmart contends that this fee is not proper because Miles did not designate Dr. Sparks as an expert and because the court ruled that Dr. Sparks could only testify as a fact witness. (Doc. 90, pp. 15–16; *see also* doc. 56.) In his reply, Miles re-labels the $2,500.00 expert witness fee as a deposition fee. (Doc. 93, p. 14.) The court agrees with Walmart and finds that Miles cannot recover the $2,500.00 fee paid to Dr. Sparks as an expert witness fee. The court reduces the approved litigation expenses by $2,500.00.

### C. Medical Records

Medical records that are "possibly relevant" to a plaintiff's damages are recoverable litigation expenses. *O'Neal v. Norfolk S. R.R. Co.*, 5:16-CV-519 (MTT), 2018 WL 6005425, at *4 (M.D. Ga. Nov. 15, 2018). Miles claims $406 for the cost of obtaining copies of his medical records, specifying that Haynes & Haynes uses a third-party vendor to obtain copies of medical records. (Doc. 86-1, pp. 16–17.) First, Walmart challenges the fees of $154.50 and $112.00 to obtain records from Sparks Orthopedic and Sports Medicine; Walmart provided evidence that it obtained

records from the same medical provider for $31.00. (*Id.*) Miles counters that the fee is higher because he used a third-party vendor to obtain the records and explains that he had to obtain the records from Dr. Sparks "more than once because [he] received subsequent treatment and requested the additional records." (Doc. 93, p. 15.) The court finds that it was reasonable for Miles to request the records again after he received follow-up treatment. The court also finds that it is reasonable for a law firm to employ the use of a third-party vendor to obtain medical records.

Next, Walmart challenges the fee of $139.50 for Miles to subpoena records from First Care Medical Clinic. Miles claimed that he obtained these records in response to Walmart's discovery requests. (Doc. 86-1, p. 16.) Walmart argues that the court should exclude this expense because Miles did not produce the First Care Medical Clinic records in response to Walmart's discovery requests. (Doc. 90, p. 19.) The court finds that even if the medical records were not responsive, they were possibly relevant to Miles' litigation. So the court will not reduce Miles' litigation expenses for medical records.

### D. Office Supplies

Specific office supplies necessary for trial that the lawyers are unlikely to use for other cases may be recoverable litigation expenses. *Casias v. Dept. of Corr.*, 2019 WL 2881007, at *6 (D.N.M. July 3, 2019). Miles claimed $70.07 for a 25-foot

HDMI cord he bought to use during trial. But Miles withdrew his request for this expense in his reply in support of his fee petition. (Doc. 93, p. 14.) So the court will reduce the approved litigation expenses by $70.07.

### E. Photocopies

Photocopies that are "necessarily obtained for use in the case" are a recoverable expense, but "general copying costs" are not. *See Duckworth*, 97 F.3d at 1399. A party seeking copy costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Miles claims $1,865.38 for photocopies he made during litigation (9,481 total copies, minus 1,002 copies included in the Bill of Costs, at $0.22 per copy).

Other than Haynes' affidavit stating that the copies were case-related and were necessary (doc. 86-1, p. 18), Miles fails to present evidence about the documents copied or their purpose. In a case in the Southern District of Alabama, a court recently refused to assess the plaintiff's copying costs against the defendant because the plaintiff only described each photocopy as "copy," making it impossible for the court to "determine whether the copies were necessary." *Nicholson v. RB2, LLC*, No. 1:19-CV-344-TFM-N, 2021 WL 895602, at *7 (S.D. Ala. Mar. 9, 2021). Though some courts decline to award any copying costs when the requesting party fails to

provide enough information, this court finds that Miles incurred significant copying costs and that some recovery is appropriate. The court will reduce the number of allowable copies by 25% (8,479 copies to 6,359 copies).

Walmart argues that $0.22 per copy is unreasonable. The court agrees with Walmart and finds that $0.10 per copy is a reasonable cost for copies—a finding that aligns with the holding in another court in this district. *See Anderson*, 2018 WL 8807149, at *6 (N.D. Ala. Aug. 27, 2018). So Miles may recover $635.90 in copying costs (6,359 copies at $0.10 per copy) as reasonable litigation expenses. The court will reduce the approved litigation expenses by $1,229.48 ($1,865.38 minus $635.90).

### F. Court-Approved Litigation Expenses

Now that the court has determined the amount it will deduct for each challenged category, the court will determine the appropriate amount for litigation expenses. As shown in Table 4, the court finds that the proper amount for litigation expenses is $5,955.48.

**Table 4: Approved Litigation Expenses**

| Category | Requested Amount | Approved Amount |
|---|---|---|
| Meals During Trial | $239.26 | $142.96 |
| Mileage | $358.40 | $358.40 |
| Hotel | $944.62 | $944.62 |
| Mediation | $2,450.00 | $2,450.00 |
| Legal Research | $941.42 | $941.42 |
| Expert Witness Fee | $2500.00 | $0.00 |
| Medical Records | $406.00 | $406.00 |
| Postage | $76.18 | $76.18 |
| Office Supplies | $70.06 | $0.00 |
| Photocopies | $1,865.38 | $635.90 |
| **TOTAL** |  | **$5,955.48** |

## CONCLUSION

For the reasons stated above, the court will **GRANT in PART** and **DENY in PART** Miles' petition for attorneys' fees and litigation expenses. The court will **AWARD** Miles $216,175.50 in attorneys' fees and $5,955.48 in litigation expenses.

The court will enter a separate Order consistent with this Opinion.

**DONE** on January 28, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE